

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-11-2007

# Byrne v. Shawnee Holdings Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1703

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Byrne v. Shawnee Holdings Inc" (2007). *2007 Decisions.* Paper 94.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/94

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1703
_____

NANCY BYRNE; JAMES BYRNE,
                                                             Appellants

v.

SHAWNEE HOLDING, INC.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-02562)
District Judge: Honorable A. Richard Caputo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 3, 2007

Before:      SLOVITER, BARRY and WEIS, Circuit Judges

(Opinion filed:  December 11, 2007)
_____

OPINION
_____

PER CURIAM

        Nancy and James Byrne filed a personal injury action against Shawnee Holding,

Inc., in the United States District Court for the Middle District of Pennsylvania, invoking

the District Court's diversity jurisdiction.  After two days of testimony, the jury returned a

verdict in favor of the defendant. The Byrnes now appeal the verdict, arguing that it is against the weight of the evidence. We will affirm.

On December 2, 2002, Nancy Byrne ("Byrne") visited the Shawnee Inn for the purpose of planning a business engagement there. Byrne alleges that during the visit, she tripped over a loose piece of carpet as she started to descend the staircase leading from the second-floor lobby to the lower level of the establishment. Byrne claims that she suffered neck, arm, shoulder, and hand injuries as a result of the fall.[1] She further claims that Shawnee Inn breached its duty of care by not securing the carpet at the top of the staircase to the hardwood floor of the lobby. The parties stipulated at trial that Byrne was a business invitee under Pennsylvania law, which governs the claims. The jury was provided with a special verdict form containing a single interrogatory: "Is the Defendant, Shawnee Holding, Inc., liable to Nancy Byrne?" The jury answered no.

Appellants, who are now proceeding pro se but were represented by counsel during trial, argue on appeal that the verdict should be set aside because it is against the weight of the evidence. Appellants did not preserve this claim for appellate review, however, because they did not present the claim to the District Court in a motion for a new trial. See Pennington v. Western Atlas, Inc., 202 F.3d 902, 911 (6th Cir. 2000); Etienne v. Inter-County Sec. Corp., 173 F.3d 1372, 1375 (11th Cir. 1999); see also Ross v. Hotel Employees and Restaurant Employees Int'l Union, 266 F.3d 236, 242 (3d Cir. 2001) (acknowledging that claims not raised at trial level are generally waived for

---

[1] Her husband, James Byrne, brought a claim based on loss of consortium.

purposes of appeal).  Even assuming that Appellants did not waive consideration of the issue, we find no basis in the record for granting the extraordinary relief requested, as the defendant presented ample evidence at trial countering Byrne's testimony attributing the accident to a dangerous condition on the premises.  See Williamson v. Consolidated Rail Corp., 926 F.2d 1344, 1353 (3d Cir. 1991) (stating that "new trials because the verdict is against the weight of the evidence are proper only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience").

For the foregoing reasons, we will affirm.